SMITH v. SMITH.

No. 7411.  Decided May 9, 1950.  (218 P. 2d 270.)

See 27 C. J. S., Divorce, sec. 240. Alimony decree, contempt for enforcement, see note, 154 A. L. R. 443. See, also, 17 Am. Jur. 506.

*E. LeRoy Shields* and *Jed W. Shields,* Salt Lake City, for appellant.

*LaMar Duncan,* Salt Lake City, for respondent.

WOLFE, Justice.

This is an appeal from a decree entered below adjudging the appellant in contempt of court and sentencing him to thirty days in the Salt Lake County jail.

The respondent, hereinafter referred to as the plaintiff, was granted a divorce from the appellant, hereinafter referred to as the defendant, in 1941. In the decree of divorce the defendant was ordered to pay fifty dollars per month as alimony for the wife and support money for the four minor children of the parties. Custody of the children was awarded to the plaintiff. Sometime during the year 1943 the plaintiff remarried and left this state with the children. From 1941 to the time of the proceedings below the plaintiff continuously endeavored to realize upon the provisions of the decree as to alimony and support money, but her efforts were largely fruitless.

In January of 1949, the court below determined that the defendant was in arrears in his payments in the amount of $4600 and entered judgment against him for that amount plus the plaintiff's attorneys' fees and costs of court. On February 9, 1949, at a hearing on an order to show cause directed to the defendant by the court, the defendant and his sister, pursuant to a stipulation entered into between the parties, executed and delivered to the plaintiff a bill of sale to certain cafe fixtures and equipment, warranting the same to be free from encumbrances, and an assignment of their lease to the cafe premises. The court thereupon entered an order reciting the bill of sale and the assignment to be

"in full satisfaction of the judgment for alimony and support money in favor of the plaintiff, and against the defendant,"

and dismissed the order to show cause.

Within a few days thereafter the defendant withdrew approximately $1700 which he had on deposit under an assumed name in a local bank and departed from this state. On February 19, 1949, counsel for the plaintiff served on counsel for the defendant a notice of intention to move to have the stipulation and order of February 9th set aside on the ground that the cafe fixtures and equipment were not free from encumbrances, and that the defendant at the hearing held February 9th had falsely testified as to the amount of money he had on deposit in the bank. The hearing on the plaintiff's motion was originally set for February 25, 1949, but on that date, upon motion of plaintiff's counsel, the hearing was continued until March 1, 1949, on condition that the plaintiff serve notice thereof on the defendant not later than the next day, to-wit, February 26, 1949. However, on February 24, 1949, counsel for the defendant had served notice on counsel for the plaintiff that they had withdrawn as counsel for the defendant. Notwithstanding this notice of withdrawal, counsel for the plaintiff, on February 25th, served upon them notice that the continued hearing on the plaintiff's motion would be held on March 1st. The plaintiff's motion was heard on that date in the absence of both the defendant and his counsel, and the court entered an order setting aside the stipulation of the parties and its order of February 9th, and reinstated the judgment of $4600 against the defendant except as it had actually been satisfied from the sale of the cafe fixtures and equipment.

In August of 1949 the defendant returned to this state and on September 9, 1949, was served with an order to show cause why he should not be adjudged in contempt for his failure to pay any alimony and support money since February 9, 1949. On the defendant's failure to appear, a bench warrant was issued and the defendant was brought into court on September 12, 1949. At the hearing on the order to show cause the defendant testified that within a few days after the hearing held on February 9th, he with-

drew approximately $1700 from a local bank which he had on deposit under an assumed name and then departed for Nevada; that he used part of the funds to satisfy outstanding obligations and the balance to live on; and that while he was in Nevada he earned only fifty dollars. The court found that since February 9th the defendant had been able to pay for the support of the minor children, having at his disposal a net of at least $1540.46 during that period ($1700, the amount he had withdrawn, less outstanding obligations paid by the defendant) but that he willfully refused to pay anything and consequently was in contempt of court. The defendant was thereupon sentenced to thirty days in jail.

The defendant's principal contention upon this appeal is that the settlement entered into between the parties on February 9, 1949, was in satisfaction of all alimony and support money *due or to become due* from the defendant; that the order made by the court on that date reciting the terms of the settlement could not be subsequnetly set aside by the court ex parte; and that notice of the hearing on the motion was never given to the defendant but only to the firm of attorneys who had formerly been his counsel and who had withdrawn as counsel of record. This contention is untenable. In view of the proceedings leading up to the settlement on February 9th we are convinced that the settlement was intended by the parties only to be in satisfaction of the alimony and support money then due and owing, and was so regarded by the court in its order of February 9th dismissing the order to show cause. As heretofore stated, in January of 1949, the court below determined that the defendant was in arrears in his payments of alimony and support money in the amount of $4600 and entered judgment against him for that amount. Thereafter the plaintiff in attempting to realize upon the judgment attached the fixtures and equipment in a cafe which the defendant claimed he owned and operated. While the sheriff was proceeding to sell the attached fix-

tures and equipment, the defendant's sister filed in court a third party claim alleging that she was the owner of the cafe fixtures and equipment, having allegedly purchased them from the defendant on December 30, 1948. The plaintiff in response to the third party claim, petitioned the court to direct the defendant and his sister to appear on February 9th and show cause why the third party claim should not be dissolved and why the defendant should not be adjudged in contempt of court for attempting to defraud the plaintiff and prevent her from realizing upon the judgment. At the hearing held on February 9th the parties entered into a settlement and the court made an order dismissing the order to show cause, reciting that the settlement was

"in full satisfaction of the judgment for alimony and support money in favor of the plaintiff, and against the defendant."

Although the order of the court did not specifically state what judgment was being satisfied by the settlement, the only reasonable conclusion in light of what had previously transpired is that it was the $4600 judgment entered the preceding month against the defendant and upon which the plaintiff was attempting to realize at the time the settlement was made. There is no basis whatever for supposing that the settlement was intended to be in satisfaction of all alimony and support money due and which would thereafter become due under the decree of divorce. Nor can we agree with the defendant that the order of February 9th is so ambiguous and uncertain that the defendant could not ascertain thereby whether he had the duty to continue making monthly payments.

Having then decided that the settlement of February 9th did not relieve the defendant from the obligation of paying the plaintiff fifty dollars per month, there was no error in the finding by the court that the defendant was in contempt for wilfully failing to make any payments to the plaintiff from February 9th to September, 1949. The defendant, by his own testimony,

have paid something toward the support of the minor children during the aforementioned period.

After finding the defendant in contempt of court, the court below referred to the entire record of the case and found that there had been a great amount of litigation over the failure of the defendant to comply with the decree of divorce ordering him to pay alimony and ■ support money. The court noted that the defendant had twice theretofore been found in contempt of court for willfully failing to make monthly alimony and support money payments. In view of the defendant's recalcitrant and defiant attitude, the court imposed a thirty day jail sentence on him which is the maximum amount of time for which he could be sentenced under the statutes of this state. The defendant now contends that at the most he is guilty only of civil contempt and that consequently the court should not have allowed prior contempt proceedings to influence it in fixing the period of incarceration, because the purpose of incarceration for civil contempt is to coerce the defendant and not to punish him for his past misconduct. We deem it unnecessary to decide whether the lower court found the defendant guilty of civil or criminal contempt. Assuming it to be civil contempt as the defendant urges, it is within the prerogative of the court to consider the defendant's previous conduct in determining what pressure will have to be brought to bear in order to successfully coerce him to abide by the decree of the court. The court was convinced that stringent measures would have to be taken in order to awaken the defendant to his responsibilities and thus there was no abuse of discretion on the part of the court in imposing the maximum jail sentence.

It is unnecessary for the disposition of this case to decide whether the defendant was entitled to notice of the hearing on the plaintiff's motion to set aside the stipulation of the parties settling the $4600 judgment against the defendant and the order of the court made pursuant thereto

on February 9th, and if so, whether notice to the defendant's counsel who had withdrawn of record was sufficient notice. The judgment of contempt from which the defendant appeals was founded on his willful refusal to pay any alimony and support money during the period from February 9 to September, 1949, and this period is entirely outside of the period for which the $4600 judgment was entered. We have determined that the settlement of February 9th did not relieve the defendant from his duty to support in the future and thus irrespective of whether the lower court erred in setting aside the settlement of the $4600 judgment made by the parties, the judgment of contempt stands.

The judgment below is affirmed. Costs to the respondents.

PRATT, C. J., and LATIMER, J., concur.

WADE, J., concurs in the result.

McDONOUGH, J., not participating.